**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

**Civil Action No.**   09-cv-00526-PAB-KMT                    FTR

**Date:**   September 30, 2009                                Debra Brown, Deputy Clerk

JOAO HENRIQUES, et al.                                       Rosemary Orsini

                           Plaintiffs.

v.

FEDERAL EXPRESS CORPORATION                                  Frederick Lee Douglas

                           Defendants.

---

**COURTROOM MINUTES / MINUTE ORDER**

---

**MOTION HEARING/SCHEDULING CONFERENCE**

**Court in Session: 9:00 a.m.**

Court calls the case. Appearances of Counsel.

Defendant's Motion to Compel Discovery and for Sanctions [Document No. 26, filed August 11, 2009] at issue:

Argument of Counsel.

**ORDERED:**   Defendant's Motion to Compel Discovery and for Sanctions [Document No. 26, filed August 11, 2009] is **granted in part and denied in part** as follows:

With respect to Interrogatory Nos. 3, 4, 17, 18, 11, 7 the motion to compel is granted and plaintiff shall supplement his discovery responses.

With respect to Interrogatory No. 12  the motion to compel is denied.

With respect to Interrogatory Nos. 14, 15, and 16 the motion to compel is denied without prejudice. Counsel is granted to leave propound the questions at a later date.

With respect to Request for Production of Documents #3 the motion is denied without prejudice. Counsel is granted to leave to propound the request at a later date if needed for damages calculations.

The court will not award sanctions upon a finding that an award of expenses at this time would be unjust.

Defendant's Motion for Protective Order by Defendant Federal Express Corporation [Document #32, filed September 22, 2009 at issue:

Argument by Counsel.

**ORDERED:**   Defendant's Motion for Protective Order by Defendant Federal Express Corporation [Document #32, filed September 22, 2009] is **granted in part and denied in part as follows:**

With respect to Interrogatory No. 8 and Request for Production of Document No. 7 the Motion for protective order is **granted** as to any state other than Colorado.

With respect to Interrogatory No. 16 and Request for Production of Documents Nos. 18, 21, 22, 23  the Motion for protective order **is granted as to the locations outside of Colorado.**

With respect to Production of Document No. 18 the Motion for protective order is **granted** without prejudice.  Plaintiff may issue this request in the future if the information remains unavailable and there is reason to believe the information will be relevant.

With respect to Interrogatory Nos.  2 and 19 the Motion for protective order is **denied as specified on the record.**  As to Interrogatory No. 2, the Defendant will not be required to parse the named employees by those "authorized or requested to modify their work schedules . . . ." The information to be provided as responsive to Interrogatory No. 2 will not be provided until a protective order has been entered to protect the privacy of the named employees.  As to Interrogatory No. 19, the response requires identification by name of the specified individuals only from March 11, 2006 to date.

With respect to Request for Admissions Nos. 2 and 16, Request for Production No. 16 and  Interrogatory No.  21 the Motion for protective order is granted.

As to all documents which are to be produced by either party as a result of this courts Orders, the documents, responses or other materials will be produced on or before **October 30, 2009**.  The parties will submit a proposed Protective Order to this court protecting any confidential material in adequate time to allow the production of confidential documents on or before **October 30, 2009.**

[XX]     Scheduling Order entered as amended.

THE FOLLOWING WILL CONFIRM THE ACTIONS TAKEN AND DATES SET AT THE SCHEDULING CONFERENCE HELD THIS DATE.

**The Parties will conduct discovery on both Merits and Class Certification as set forth below:**

| | |
|---|---|
| Joinder of Parties/Amendment to Pleadings: | January 04, 2010 |
| Discovery Cut Off Date: | April 30, 2010 |
| | |
| Plaintiff's Motion for Class Certification | May 30, 2010 |
| Defendant's Opposition to Class Certification | June 30, 2010 |
| Plaintiff's Reply regarding Class Certification | July 30, 2010 |

Dispositive Motions Deadline:                    May 30, 2010
Plaintiff's Disclosure of Experts:            February 01, 2010
Defendant's  Disclosure of Experts:       February 01, 2010
Defendant's Rebuttal of Plaintiff's Experts:    March 01, 2010
Plaintiff's Rebuttal of Defendant's Experts:    March 01, 2010

Interrogatories: 33 days prior to discovery cut-off
Requests for Production of documents: 33 days prior to discovery cut-off
Requests for Admissions:  33 days prior to discovery cut-off

**SETTLEMENT CONFERENCE** set for **January 22, 2010 at 1:30 p.m. in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.**
ECF participants shall e-mail their Confidential Settlement Statements to chambers with a subject line "Confidential Settlement Statement" to: Tafoya_Chambers@cod.uscourts.gov, no later than five (5) business days prior to the settlement conference date.  The Confidential Settlement Statement should be in PDF format and sent as an *attachment* to the e-mail.  **Statements containing more than 15 pages *should also be submitted to chambers on paper* (hard copy)**, with the envelope addressed to "Magistrate Judge Tafoya's Chambers, Personal and Confidential".  Confidential Settlement Statements prepared by parties not represented by counsel, or without access to ECF, shall be submitted on paper to the Clerk's Office.
> All attorneys, parties and/or representatives with full settlement authority shall be present at the settlement conference.  Valid photo identification is required to enter the courthouse.  (See attachment for more information.)

**FINAL PRETRIAL CONFERENCE** will not be set at this time.

**STATUS CONFERENCE** is set for **September 08, 2010 at 9:00 a.m. (limited to one hour) in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.**

TRIAL:
Trial Preparation Conference will be set by District Judge Philip A. Brimmer.
Trial to  [   ] Court   [XX] Jury estimated for 7 - 9 weeks.

**ORDERED:**    Parties are directed to www.cod.uscourts.gov and shall fully comply with the procedures of the judicial officer assigned to try this case on the merits.

Absent exceptional circumstances, no request for rescheduling any appearance in this court will be entertained unless a written request is made FIVE (5) business days in advance of the date of appearance.

**Court in Recess: 11:52 a.m.**
Total In-Court Time 2:52, hearing concluded

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.

Counsel and pro se litigants **shall have parties present** who shall have **full authority** to negotiate all terms and demands presented by the case, and **full authority** to enter into a settlement agreement, including an adjustor if an insurance company is involved.  "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency.  If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority."  **No party shall be permitted to attend the settlement conference by phone unless that party has obtained leave of Court following the filing of an appropriate motion, no later than five (5) business days prior to the settlement conference date.**

In order that productive settlement discussions can be held, the parties shall prepare and submit **two** settlement documents:  one to be mailed to the other party or parties, and the other to be mailed only to the Magistrate Judge.  The documents which are presented to opposing parties shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which supports that side's claims, and shall present a demand or offer.   These documents should be intended to persuade the clients and counsel or pro se litigant on the other side.

The document to be mailed to the Magistrate Judge shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel or the pro se litigant wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the magistrate in assisting the parties to negotiate a settlement.

ECF participants shall e-mail their Confidential Settlement Statements to chambers with a subject line "Confidential Settlement Statement" to: Tafoya_Chambers@cod.uscourts.gov, no later than five (5) business days prior to the settlement conference date.  The Confidential Settlement Statement should be in PDF format and sent as an *attachment* to the e-mail.  **Statements containing more than 15 pages *should also be submitted to chambers on paper* (hard copy)**, with the envelope addressed to "Magistrate Judge Tafoya's Chambers, Personal and Confidential".  Confidential Settlement Statements prepared by parties not represented by counsel, or without access to ECF, shall be submitted on paper to the Clerk's Office.